UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
MAR 16 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

PATRICK JACKSON

   Plaintiff,        \*

                \* CIVIL NO. 5:04-0236

V.               \*

                \*

BILL LANG, et. al.,       \*

   Defendant(s).     \*


## PETITION PURSUANT TO 28 U.S.C. SECTION 1331


**PETITIONER FILED IN THIS HONORABLE COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**


BY PLAINTIFF: PATRICK JACKSON

        Reg. No. 13340-004

        P.O. Box 350 FCI

        Beaver, WV 25813

1331 Form

# FORM TO BE USED BY FEDERAL PRISONERS IN FILING A COMPLAINT UNDER 28 U.S.C.§ 1331

In the United States District Court

For the SOUTHERN DISTRICT OF WEST VIRGINIA

PATRICK JACKSON

(Enter above the full name of the plaintiff or plaintiffs in this action)

v.

BILL LANG, Warden Troy Williamson

(in personal and official capacity). J. Dincher, Counselor,

(in personal and official capacity).
(Enter the full name above of the defendant or defendants in this action).

I. Place of Present Confinement FEDERAL CORRECTIONAL INSTITUTION-BECKLEY

II. Previous Lawsuits  N/A  (none)

A. Have you begun other lawsuits dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes _____  No  xxx _____

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

-2-


III. In order to proceed in federal court you must ordinarily fully exhaust your administrative remedies as to each ground on which you request action by the federal court.

   A. Did you fully exhaust, including appeals, your administrative remedies pursuant to the Bureau of Prisons Policy Statement 1330.07?   Yes __xxx__   No _____

   B. If your answer to A is yes,

      1. What steps did you take?  I filed for an informal resolution (BP-8), appealed to the Warden (BP-9), appealed to the Regional Administrator (BP-10), and then appealed to the Central Office (BP-11).

      2. What was the result?

         Denied. (See BOP responses, attached at Exhibit A.)

   C. If your answer to A is no, why not ?

         N/A

IV. Parties
   (In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

   A. Name of plaintiff  PATRICK JACKSON, #13340-004
                         P.O. Box 350 FCI
                         Beaver, WV 25813

   ( In Item B below, place the full name of the defendant in the first blank, his official position in the second blank. Use Item C for the names, positions, and place of employment of any additional defendants).

   B. Defendant  Bill Lang  is employed as  Chaplain  at  FCI-Beckley

   C. Additional Defendants  Warden Anderson

V. Cause of Action

(List hereunder the different causes of action that are the grounds for the prosecution of this law suit.)

1. Chaplain Lang's actions on 6-25-2003 were arbitrary, capricious, and discriminatory in regard to my religious rights.

2. Chaplain Lang falsely accused me of insolence, wrote a false report, and gave false statements to Unit Disciplinary Committee.

3. Warden Troy Williamson failed to properly act to investigate my allegations or disciplaine Chaplain Lang.

VI. Grounds for relief

(Hereunder set out the factual allegations that you consider as establishing a basis for your requested relief under the specific cause/s of action/s.) (If additional space is necessary. include as attachments.)

1. On 6-25-2003, I was not insolent to Chaplain Lang although he was very disrespectful of my personhood and religious garb.

2. Counselor Dincher failed to call or interview my witnesses to this incident and arbitrarily accepted Chaplain Lang's version of the incident.

3. Warden Troy Williams could have, but did not, investigate my allegations or interview my witnesses to determine whether Chaplain Lang deserved to be discipline or fired.

4. Warden Troy Williams forfeited good-time without due process.

VII. Relief sought
(Hereunder itemize the specific relief you exect to obtain on the prosecution of this law suit.)

1. That my allegations of religious discrimination be investigated by a neutral party and a report be given to the Regional Administrator and Director of the BOP and to me.

2. That Chaplain be dismissed from any job in the BOP.

3. That the incident report be expunged and taken out of my Central File; my good time restored; Bill Lang be order to pay me twenty-five thousand dollars for emotional & physical abuse.

Wherefore, your Plaintiff respectfully requests that this Honorable Court grant the within relief sought and any other relief that this Court deems just and proper.

Signed this 12th day of mArch, 2004.

_Patrick Jackson_
_____

(Signature of plaintiff or

plaintiffs)


Executed at  Federal Correctional Institution-Beckley

(Name of Institution, City, County)


I declare under penalty of perjury that the foregoing
is true and correct.

Executed on mArch - 12TH - 2004

(Date)

_Patrick Jackson_
_____

(Signature of plaintiff or

plaintiffs)

-5-

## EXHIBIT A

1. Incident Report, dated June 25, 2003.

2. Appeal to Warden Williamson & Warden's Response.

3. Appeal to Regional Administrator & Response

4. Appeal to Central Office (General Counsel) & Response

BP-S288.052 INCIDENT REPORT CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

1. Name Of Institution: FCI Beckley
   Part I - Incident Report          1117076

| 2. Name Of Inmate<br>Jackson, Patrick | 3. Register Number<br>13340-004 | 4. Date Of Incident<br>6/25/03 | 5. Time<br>12:15 pm |
|---|---|---|---|
| 6. Place Of Incident<br>Compound/Times Square | 7. Assignment<br>PB ORD | 8. Unit<br>PBV | |

9. Incident:
   Failure to obey direct order/Insolence                     10. Code: 312/307

11. Description Of Incident (Date: 6/25/03 Time: 12:15 pm) Staff become aware of incident)
Jackson, Reg. # 13340-004 had received his Religious headware last week with my direct order to report to the chaplain to receive his headware card. I gave that order to Jackson on Wednesday, 6/18/03. I saw Jackson today (6/25/03) and requested to see his headware card. Jackson became aggressive with his attitude and speech. He stepped towards me and asked, "What's the problem? Yah, yah, I'll get my card". I told him that he needed to get the card this weekend and if I asked him next week and he did not have it that I would confiscate the Crown. He stepped away from me and began stating, "Fuck that man, who the fuck is he anyway". I went back to Jackson and told him that he needed to stop that kind of talk and that he didn't need to have that kind of attitude. I stated to him that, "I am right and you are wrong". I then told him to, "Stand right here". Jackson turned and began to walk away from me. I called to him to stand where he was. Jackson again began to yell, "Fuck You — you don't talk to me like that".

| 12. Signature Of Reporting Employee | Date And Time<br>6/25/03 12:55 | 13. Name And Title (Printed)<br>BILL LANG, CHAPLAIN |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered<br>6/25/3 | 16. Time Incident Report Delivered<br>7:25 p— |

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident the chaplain was disrespecting me over the card. one chaplain told me to see him at 6:30 the other one said see him thursday. I did not cuss him I do not cuss no one like that.

18. A. It Is The Finding Of The Committee That You:
   _X_ Committed The Following Prohibited Act. 312
   _X_ Did Not Commit A Prohibited Act. 307

   B. ___ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
   C. _X_ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information Based on the report it states you turned and began to walk away and yell fuck you and also said fuck that man. Your denial that you cussed was taken into consideration, however UDC feels the staff member would have nothing to gain by lying.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

Loss of commissary for 90 Days effective 06-27-03 ending 09-26-03

21. Date And Time Of Action: 6-27-03 0945 (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

J. Dunch____                    J. Frantz____

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **JACKSON   PATRICK. DELROY**         **#13340-004**         **pine-B.U**        **F.C.I.BECKLEY**
         LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.                   UNIT                    INSTITUTION

**Part A- INMATE REQUEST** This an a appeal of on incidenc report I received 06-25-2003 for Insole code 312(I/R#1117076). I hereby state that the description of the events that took place on 06-25 by chaplain lang, are inaccurate/ and quite frankly,**Blatant Lies.** on the day in question, chapla Bill Lang approached me in"time square"while I was on my way to the unit after the noon meal. He asked for my religious headwear card for the **Rastafarian Crown** that I wearing. and I told him tha I would have it by the next day.  I explained that I had just (5)five mainutes before spoken to chaplain Bland at mainline about the cord and he told me to come and pick it up at 6:30 the follo day. chaplian lang became **really Belligerent** and started shouting/'the next time i see you with that crown and you dont have that card i will take it off your head'I told him that I would get my card and the conversation was over.  I walk off and started talking to another convic about something totally unrelated ot the headwear incidence/ and chaplain lang started talking to anoth inmate. After several minutes elapsep chaplain lang stormed over to me and get right inmy face an said,'the reason i said what i said is because i can do so because i am right and you are wrong' and i dont like you or your attitude anyway. I asked, "what attitude?" he then said,thats it i'm sending your ass to the hole. ha took my I.D.card and told that he does'nt want me on the compoun anyway. I said to him, chaplain you are speaking to me like i'm your child/ I'm not your child an I'd appreciate if you would stop yelling at me. I'm a **Man.**  sir; I was never loud while addressin chaplain lang and I never used any profanity as he claimed in the Incidenct Report.
**Please Consider these facts and expunge the Incident Report/code 312(#1117076).** Thank you very muc

July 3rd- 2003
        DATE                                                                      SIGNATURE OF REQUESTER

**Part B- RESPONSE**

JUL 0 7 2003

7-25-03
   DATE                                                                   WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

                                                                             CASE NUMBER: 303934-F1

**Part C- RECEIPT**
Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

     DATE                                                      RECIPIENT'S SIGNATURE (STAFF MEMBER)           BP-229(13)

**REQUEST FOR ADMINISTRATIVE REMEDY**  BEC-303934-F1
**INMATE: JACKSON, Patrick**
**Reg. No.: 13340-004**

Your request for Administrative Remedy dated July 3, 2003, received July 7, 2003, appealing your June 25, 2003, incident report for Insolence, Code 312, and subsequent disciplinary action has been reviewed. Specifically, you contend the reporting officer was inaccurate in the report and blatantly lied. You request the incident report be expunged from your record.

A review of this disciplinary action reveals the Unit Discipline Committee (UDC) followed procedures as required by Program Statement 5270.07, <u>Inmate Discipline and Special Housing Units</u>. You stated at the UDC hearing you did not curse the reporting officer and do not curse anyone like that. This statement was taken into consideration by the UDC. However, the finding of the UDC is supported by sufficient evidence which is documented in the UDC report. Specifically, the UDC relied upon the reporting staff member's statement who has nothing to gain from making a false statement. The written statement of the reporting staff member depicted specific insolent language addressed toward the officer. The sanction imposed is in accordance with policy and commensurate with prohibited acts in the moderate category.

Based on the above facts, I can find no basis for further administrative action. Relief is denied. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

7-23-03
Date

Troy Williamson, Warden

I am hereby appealing the decision by Warden Troy Williamson to not grant the relief that I requested via BP-9. I am trusting that justice will be served at this medium and I will be exonerated for the actions that I was falsely accused of. It is in my opinion that the warden relied solely on the word of ~~Chaplain~~ Chaplain Lang and ~~totally~~ disregarded the fact that there were witnesses present who could testify to my innocence. Two of these witnesses are: Mark Xavier Reg.# 12515-018 and Edwin Davis Reg.# 22508-038. These inmates were present throughout the whole conversation between Chaplain Lang and I. The reason I had not been able to furnish their names when I filed the BP-9, was because I did not know their given names at the time for I was new at F.C.I. Beckley. After I sent in the BP-9 I caught up with these inmates and got their names and numbers.

I have observed that Chaplain Lang is a very arrogant and disrespectful person, he has a practice of speaking to inmates in a denigrating manner, often condescending. It is this same manner in which he was speaking to me that effectuated this particular incident. The Administration claimed that they made their decision to rule against me because the staff member "has nothing to gain by making a false statement." I beg to differ with the Administration's conclusion because the staff member has everything to gain by making a false statement because he has to

justify his actions while victimizing me. I feel disrespected and victimized because I was locked in the SHU and sanctioned to loss of commissary ~~and telephone~~ based on lies to justify the Chaplain's vindictive and twisted agenda. If, by me stating to the Chaplain that I was not a child and don't deserve to be treated as such, is insolent, then I am guilty. If not please absolve me of this unjust accusation because I did not curse or use foul language towards the Chaplain or any other person; and I have witnesses to corroborate my assertion of innocence.

Please investigate and rely upon the facts and reverse this sanction that was unjustly meted out on me. Thank you much! Enclosed are copies of Incident report, BP-9 and Warden's response. Please examine to get a better understanding of this case. Also note that the UDC found me not guilty on the code 307 incident report (failure to obey an order). This shows that the UDC concluded that there were inconsistencies in the incident report. The Incident report, because of its inconsistencies, must be fundamentally flawed and everything in it should be thrown out. Thanks!

**U.S. Department of Justice** \SEE ATTACH\ **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **JACKSON PATRICK, DELROY**   **#13340-004**   **Pine-B-Upper**   **F.C.I,Beckley**
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A—REASON FOR APPEAL, This Appeal is in regards to on incident report I received on 6-25-2003 My appeal was solely determined and denied on the basis that "Im an inmate" and chaplain long is an employee at F.C.I Beckley. It was also determined that witnesses are not "required" at the U.D.C hearing, However: "it is allowed", and it is commonly used at U.D.C hearing as well as D.H.O hearing, None the less my witnesses were not even questioned, Let alone appear at any hearing. So therefore the chaplians word alone, Overraides the sworn statements of "Three Inmates" whome's recollection of the facts do not vary at all, But yet they were not even questioned. Policy states that when an inmate files on any staff member it will be investigate Well, F.C.I. Beckley does not follow policy. In the denial of my filing the region states tha " if there is conflicting evidence it must be based on the greater weight of the evidence", we then if that is so then my appeal should have been GRANTED, Because my evidence is clearly greater than chaplain long's. The only evidence chaplain long presented was his own statement of the event that took place on 6-25-2003 were as I on the other hand not only presented evide by my own statement of the"facts" as well as "TWO OTHER INMATES" statement of the facts clearl three is greater than one.  It seems as if the chaplains word was taken over three inmates fo two reasons,#1 he's the chaplain, However:the chaplain is not perfect, In fact there has been numerous filings on this particular chaplain in regard's to the same behavior he displayed against me,#2 F.C.I Beckley does not practise Fairness,Justice,Integrity or Proffesionalism. I request that my filing be investigated by speaking to my witnesses. I also request that this incident report be expunged.

OCT 03, 2003   SIGNATURE OF REQUESTER
DATE

Part B—RESPONSE

---

DATE   GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE   CASE NUMBER: 303934-A1

Part C—RECEIPT
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

DATE   SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL   BP-231(13)
APRIL 1982

[ATTACH COPY]

As I stated before, I request that my filing be investigated by speaking to my witnesses who's names are MARK XAVIER Reg.No,12515-081 and EDWIN DAVIS Reg.No,22508-038

Both these witnesses have witnessed the events that took place on 6-25-2003.

Again I also ask that my incident report be expubged as well as the chaplain be"Discipl:

PLEASE TAKE NOTE That I had received the response from the regiton on Sep-27th-2003 and not on the date shone on the response letter.

Dated Oct 3rd - 2003

Sincerely

Patrick Jackson

**Administrative Remedy No. 303934-A1**
**Part B - Response**

You appeal the June 27, 2003, decision of the Unit Discipline Committee (UDC) in which you were found to have committed the prohibited act of Being Insolent To Staff Member, in violation of Code 312.

Our review of your disciplinary proceedings indicates substantial compliance with P.S. 5270.07, *Inmate Discipline and Special Housing Units*. A review of this disciplinary action reveals substantial compliance with Program Statement 5270.07, *Inmate Discipline and Special Housing Units*. Chapter 6 of this P.S. states that the UDC shall consider all evidence presented at the hearing and shall make a decision based on at least some facts. Accordingly, we find the UDC detailed in Section 19 of the Incident Report the specific evidence relied upon to support a finding that you committed the above prohibited acts. We concur with the UDC decision that you committed the prohibited act based on the greater weight of the evidence.

Upon review of the disciplinary record, we find the required disciplinary procedures were substantially followed, the greater weight of the evidence supports the UDC's decision, and appropriate sanctions were imposed. Accordingly, your appeal is denied.

December 3, 2003
Date

Harrell Watts, Administrator
National Inmate Appeals